DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER N. QUEEN, et al.,**

      **Plaintiffs,**

    v.                                                        Case No. 04-2607-JWL-DJW

**F. FEDEN, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay (doc. 60) filed by Defendants Paul Morrison, Johnson County District Attorney, and Patrick Carney, an Assistant District Attorney for Johnson County. For the reasons set forth below, the Court will grant the Motion and will stay all discovery and all Rule 26 and other pretrial proceedings, as they apply to Defendants Morrison and Carney, until the Court has ruled on the pending Motion to Dismiss filed by these Defendants (doc. 51).

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States*.[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that Defendants' Motions to Dismiss raises

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994)

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

issues as to absolute prosecutorial immunity and qualified immunity. Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendants' Motion to Stay (doc. 60) is granted. All discovery and all pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures, and discovery — as they apply to Defendants Paul Morrison and Patrick Carney — are hereby stayed until the Court has ruled on the pending Motion to Dismiss (doc. 51).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of July, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[3] *Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4] *Id.*, 500 U.S. at 232.

[5] *Id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).