DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER N. QUEEN, et al.,**

        **Plaintiffs,**

    v.                                                      Case No.  04-2607-JWL-DJW

**F. FEDEN, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Stay (doc. 72) filed by Defendants Carlos Murguia, James P. O'Hara, Eric Melgren, Charles E. Ambrose, Jr., and Rick W. Young (collectively "Movants"). For the reasons set forth below, the Court will grant the Motion and will stay all discovery and all Rule 26 and other pretrial proceedings as they apply to Movants, until the Court has ruled on Movants' pending Motions to Dismiss (doc. 31, 37).

The Court finds that a stay is appropriate here as to all Movants under the factors set forth in *Wolf v. United States*.[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that the Motion to Dismiss filed by Charles E. Ambrose, Jr. and Rick W. Young raises issues as to absolute prosecutorial immunity and qualified

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994)

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

immunity. Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, the Motion to Stay (doc. 72) is granted. All discovery and all pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures, and discovery — as they apply to Defendants Carlos Murguia, James P. O'Hara, Eric Melgren, Charles Ambrose, and Rick Young — are hereby stayed until the Court has ruled on the pending Motions to Dismiss (doc. 31, 37).

**IT IS THEREFORE ORDERED** that the Motion to Stay (doc. 72) filed by Defendants Carlos Murguia, James P. O'Hara, Eric Melgren, Charles E. Ambrose, Jr., and Rick W. Young is granted.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of July, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[3] *Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4] *Id.*, 500 U.S. at 232.

[5] *Id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).